CORNELIUS HEARN, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

EDWIN WEISL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 9660, 9661. Promulgated January 26, 1928.

*M. D. Kopple, Esq.*, for the petitioners.
*M. E. McDowell, Esq.*, for the respondent.

264

OPINION.

MORRIS: While there are three separate and distinct allegations of error set forth in the petition, the counsel for both parties have incorporated in a stipulation entered into between them the only question presented for the consideration of the Board. That stipulation reads:

The only question to be submitted to the United States Board of Tax Appeals is whether or not Edwin Weisl & Company succeeded to the rights of and stood in the shoes of the preferred stockholders of the International Paper Company as of June 1, 1917 in respect to the unstamped preferred stock as acquired by said Edwin Weisl & Company in the years 1919, 1920 and 1921, and whether an amount equal to the value of such stock dividend so declared by said International Paper Company was taxable to the partners of Edwin Weisl & Company in the years 1919, 1920 and 1921, and whether the same was exempt from taxation under the provisions of Section 31 (b) of the Revenue Act of 1916, as added by Section 1211 of the Revenue Act of 1917.

At some time prior to June 1, 1917, the International Paper Co. declared a stock and cash dividend on its preferred stock out of earnings accrued prior to March 1, 1913. It was provided in the resolution of the board of directors of that company that upon payment of those dividends there should be stamped on the certificates upon which such dividends were to be paid a statement to this effect: "All deferred dividends accrued prior to October 1, 1916, paid in full." In 1919, 1920, and 1921 the partnership of Edwin Weisl & Co., of which the petitioners were members, purchased 3,976 shares of the preferred stock of that company which had been issued prior to June 1, 1917, on which the aforesaid dividend was due, together with the said dividends that had been declared but had not been collected by the stockholder of record at the date of declaration. The stock so purchased was known as " unstamped " to identify those shares upon which the dividends had not been paid. Later the partnership collected the dividends which had been declared and which it acquired with the 3,976 shares of stock purchased by it. Upon the receipt of those dividends the petitioners excluded them from their income-tax returns. The respondent made an examination of the books of account of the partnership for the years 1919, 1920, and 1921, and found that certain stock of the International Paper Co. had been sold, and in determining the profits from said sale he adjusted the cost price of that stock by the value of the stock dividends received by the partnership. Therefore, it will be readily seen that the respondent did not tax the amounts of stock dividends to the petitioners as such, but adjusted the cost of the stock upon which the dividend was declared in determining the gain from its subsequent sale.

The petitioner invokes the provisions of section 31 (b) of the Revenue Act of 1916 as added by section 1211 of the Revenue Act of 1917, and similar provisions of the later acts, as authority for the

contentions urged here. Those sections apply strictly to dividends, as such, and therefore since the income in question has not been taxed as dividends, we do not see the applicability of those provisions.

Reverting to the stipulated question presented to the Board for consideration, we have first to say that we do not consider that Edwin Weisl & Co. " succeeded to the rights of and stood in the shoes of the preferred stockholders of the International Paper Company as of June 1, 1917." Dividends are declared and are payable to stockholders whose names appear in the books of a corporation as of a given date. The stockholder in this case on June 1, 1917, was the vendor of the 3,976 shares of stock to the partnership and to him the stock distribution of the International Paper Co. was a dividend and, therefore, entitled to all the benefits of section 31 (b) *supra.* However, when the partnership of Weisl & Co. purchased those shares of stock it also purchased the dividend stock then owned by the vendor, which had not been collected, and that stock thereupon lost its identity as a dividend and had the same status thereafter for tax purposes as any other stock purchased by a taxpayer.

In the case of *Chapman* v. *United States,* 63 Ct. Cls. 106; certiorari denied by the United States Supreme Court, October 10, 1927, 275 U. S. 524; the plaintiff owned, in the year 1917, 1,800 shares of capital stock of the Bethlehem Steel Corporation on which that company declared a stock dividend of 200 per cent; and in February, 1917, the plaintiff received from that corporation 3,600 shares as his proportion of said stock dividend. Within that same year the plaintiff sold the 3,600 shares of said dividend stock. The plaintiff contended that the income resulting from the sale in 1917 of the stock received as a dividend in that year was taxable at the rates for prior years under the provisions of section 31 of the Revenue Act of 1916, as amended by section 1211 of the Revenue Act of 1917. The Government, on the other hand, contended that the income resulting from the sale of that stock was not the receipt of a dividend but was gain or profit derived from the sale of stock and that section 31 of the Act of 1916 as amended was inapplicable. The Commissioner of Internal Revenue assessed the additional tax on this basis, computing the tax on the difference between the cost of the stock and the amount realized from its sale, applying the 1917 rates. The Commissioner was sustained by the court in his method of computation. The court said, " The Commissioner in computing the cost of the 3,600 shares properly considered the original total cost of the 1,800 shares as representing the total cost of both the 1,800 shares and the 3,600 shares distributed as a stock dividend." See also *Miles* v. *Safe Deposit & Trust Co.,* 259 U. S. 247.

We are, therefore, of the opinion that Edwin Weisl & Co. did not succeed to the rights of the stockholder of the International Paper Co. as of June 1, 1917, in respect to the preferred stock acquired by said Edwin Weisl & Co. in the years 1919, 1920, and 1921.

With respect to the question of whether an amount equal to the value of such stock dividends was taxable to the partners of Edwin Weisl & Co. in the years 1919, 1920, and 1921, we have already stated that the dividend was not taxed by the respondent as such, but was used for the purpose of determining the profit of the International Paper Co. stock on resale.

We are, therefore, of the opinion that the respondent was correct in holding that the partnership was not a stockholder of the International Paper Co. as of June 1, 1917, and therefore not entitled to the benefits of the taxing statutes with respect to dividends, and that he was correct in reducing the base for the purpose of determining profit on the resale of that stock.

It will be noted that the third allegation of error herein refers also to the year 1918. Since the deficiency notice appealed from includes only the years 1919, 1920, and 1921, our opinion affects only those years.

*Judgment will be entered for the respondent.*